RECEIVED
IN ALEXANDRIA, LA.
SEP 3 0 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JAMES RAY THOMAS | CIVIL ACTION NO. 07-1447 |
| VERSUS | JUDGE TRIMBLE |
| GENIE INDUSTRIES, INC., ET AL | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a motion for summary judgment[1] by defendant Hertz Equipment Rental Corporation ("HERC") seeking dismissal of all claims against it by plaintiff in the above captioned suit. For the reasons expressed herein below, the court finds that HERC's motion should be DENIED.

I.  BACKGROUND

**Relevant Facts**

This suit arises out of an accident at Chennault Air Base in Lake Charles, Louisiana on October 30, 2006. Plaintiff James Ray Thomas, a welder employed by Quality Welding and Fabrication, and Josh Borque, a welder's assistant, were working sixty (60) feet above the ground, standing in the basket of a Genie S-120 Telescopic Boom Manlift ("S-120").[2]

Plaintiff alleges that, after extending the telescoping boom to position the basket close to an I-beam they were working on, he noticed that, even though his hands and feet were not touching the control pedal or joystick, the boom continued to telescope forward. Plaintiff

---

[1] R. 42. As of the date of this ruling, movant has failed to provide courtesy copies to the **appropriate chambers** in violation of Local Rule 7.1W. The court cautions that any future motions, of which no courtesy copies of the motion and exhibits or attachments are received, shall not be considered until such defect is cured.
[2] Serial Number S12005-1201 (R. 42-7).

1

recounts that he was standing with his hand on the railing of the basket and did not notice that the basket was still advancing toward the I-beam until his finger became pinned between the basket and the I-beam. As the telescoping boom continued to advance, plaintiff's finger was severed from his hand by force of the basket against the I-beam. Plaintiff alleges that the boom would not lower the basket to the ground after the accident and, in order to extract plaintiff from the basket and get him to a hospital, a second boom lift was erected and plaintiff was transferred to its basket and lowered to the ground, at which time he was taken to the emergency room for treatment of his injury.

Post-accident inspection revealed that the rubber boot surrounding the joystick control was torn, allowing debris to collect in and around the joystick mechanism.[3]

Plaintiff filed suit against defendants HERC, Genie Industries, Inc. ("Genie") and Kevin Miller in the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana. Genie timely removed this suit to federal court, alleging jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff's suit alleged that Genie was negligent in its manufacturing of a product which was unreasonably dangerous. Plaintiff's suit further alleged that HERC was negligent in failure to inspect, maintain and repair the S-120 and was strictly liable for the defective S-120 which was within its management and control. Finally, plaintiff's suit alleged that Kevin Miller, an employee manager at the Hertz store where the S-120 in question was rented, breached his duty of care in failing to inspect the S-120, discover the alleged defect and have it repaired.

This court previously granted summary judgment in favor of Genie as to plaintiff's product liability claims by judgment dated September 22, 2008.[4] Recently, the parties filed a

---

[3] Deposition of Craig Daigle at pp. 14-26, 23, attached as Exhibit 4 to HERC's motion (R. 42-7).
[4] R. 31.

joint and voluntary motion to enter a consent judgment as to all claims against Kevin Miller. This motion was granted on September 23, 2009.[5]

HERC, the sole remaining defendant in this matter, now urges the court to enter summary judgment in its favor on the basis that plaintiff is unable to demonstrate the necessary elements of liability under La. Civ. C. Art. 2317.1.

## Applicable Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[6]

A material fact is one which, given its resolution in favor of one party or another, might affect the outcome of the suit under applicable law.[7] An issue is considered "genuine" when the evidence leaves open the possibility that a rational trier of fact might still return judgment in favor of the nonmoving party.[8]

Once the moving party has carried its burden of showing an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to come forward with specific facts showing a genuine factual issue for trial.[9] "Conclusory denials, improbable inferences, and legalistic argumentation" are not an adequate substitute for specific facts

---

[5] R. 52. This consent judgment specifies that any negligent acts which may have been committed by Kevin Miller occurred in the course and scope of his employment with HERC.
[6] Fed. R. Civ. P. Art. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); American Home Assurance Co. v. United Space Alliance, 378 F.3d 482, 486 (5th Cir. 2004).
[7] Anderson, supra, at 248.
[8] Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th cir. 2000), citing Anderson, supra, at 248.
[9] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

3

showing that a genuine issue of material fact remains to be tried.[10] Evidence presented, whether in support of or in opposition to a motion for summary judgment, must be of such character that it would be admissible at trial.[11] Where both parties have presented contradictory evidence, the court will resolve all such controversy in favor of the non-moving party, viewing the facts and evidence in the light most favorable thereto. General averments will not suffice, however, in place of specific factual proofs, as the court will not assume the existence of any material fact issue not pled by the non-moving party.

If the moving party fails to demonstrate the absence of material fact questions or if the non-moving party succeeds in demonstrating the existence of such fact questions, the motion for summary judgment must be denied.

## II. ANALYSIS

La. Civ. C. Art. 2317.1 provides, in part, that

> [t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

HERC's motion asserts that plaintiff is unable to prove that HERC had custody or control over the S-120 at the time of the accident or that HERC knew or should have known of the alleged defect in the S-120's joystick control mechanism.

Plaintiff responds by pointing out that HERC's motion erroneously assumes that plaintiff's claims against it in this suit are based exclusively on strict liability and that, in fact, plaintiff's complaint alleges both negligence and strict liability.

---
[10] SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).
[11] Fed. R. Civ. P. Art 43(a); Roucher v. Traders & General Ins. Co., 235 F.2d 423 (5th Cir. 1956).

To the extent that plaintiff has asserted claims in strict liability, now in reality a negligence action based on custodial liability,[12] defendant is correct that custody or control must be proven. Whether or not a person has custody or garde of an item is a factual inquiry which requires the court to consider (1) whether or not the person bears such a relationship as to have the right of direction or control over the thing, and (2) what, if any, kind of benefit the person derives from the thing.[13] Garde, a principle broader than mere ownership, contemplates that more than one person may have custody, control or direction over the item at issue.[14]

HERC's motion asserts that it rented the S-120 to plaintiff's employer, Quality Welding, under a rental agreement executed between them on September 27, 2006.[15] HERC further asserts that, by virtue of this agreement, Quality Welding (1) acknowledged having examined the equipment upon delivery and (2) incurred the duty to inspect the equipment before each shift to ensure that the equipment is in good working order. Moreover, HERC states that, under the rental agreement, Quality Welding's acceptance of the equipment without prompt notice of any defect constitutes an acknowledgement that the equipment was in good working order at the time of delivery.[16] HERC further asserts that it received no notice of any defect in the S-120 until it was notified of the accident forming the basis of this suit. Finally, HERC asserts that, under the rental agreement, Quality Welding had control of the basic service of the machine, including periodic inspection before each shift. Accordingly, HERC posits that it could not have had control or garde of the S-120 on October 30, 2006, as the equipment was clearly in the custody and garde of Quality Welding.

---

[12] Myers v. Dronet, 801 So.2d 1097 (La. App. 3 Cir. 2001).
[13] Dupree v. City of New Orleans, 765 So.2d 1002, 1009 (La. 2000) (internal citations omitted).
[14] Id.
[15] Exhibit 3 (R. 42-7).
[16] Id. at ¶¶ 4, 11, 12.

Plaintiff argues that the report issued by its expert, Charles R. Norman, PE,[17] raises important fact questions with respect to this element of plaintiff's claim. Specifically, plaintiff points out that the post-accident inspection of the joystick control disclosed "a considerable amount of debris" which "accumulated over time" and was inconsistent with the airplane hangar jobsite at which Quality Welding was using the S-120.[18] Mr. Norman opined that the defect in the rubber boot, which allowed the debris to deposit in the joystick mechanism must, therefore, have existed prior to Quality Welding's rental of the S-120.[19]

Plaintiff asserts that the "Safety/Damage Sheet" completed by HERC at the time of rental did not disclose any defect in the rubber boot, although plaintiff argues that it was defective at that time. Plaintiff also argues that HERC remained in control of all maintenance on the S-120, as evidenced by the rental agreement's requirement that HERC be notified immediately of any maintenance needs and be permitted to access the equipment at the jobsite in the event that scheduled or unscheduled maintenance is necessary.

As cited above, Louisiana courts clearly consider the issue of control or garde a fact question. Although a rental agreement exists which requires notice of any defect by the lessor, the particular defect alleged in this case gives rise to the necessity of considering prior maintenance in connection with control and custody. Moreover, a fact finder may reasonably conclude that, although Quality Welding had a duty to inspect the S-120 and report any defect, it failed to consider the torn rubber around the joystick a defect based on the "Safety/Damage Sheet" which did not note the torn rubber as an operational hazard. Moreover, plaintiff has presented summary judgment evidence in the form of its expert report which supports its contention that the defect existed at the time of the rental agreement and, perhaps, even earlier

---

[17] Exhibit A to memorandum in opposition (R. 48-4).
[18] Id. at p. 3.
[19] Id.

during a time when HERC's professed routine maintenance should have cured such "common problem." Thus, at least two material fact questions are presented: (1) whether or not the alleged defect existed at a time when HERC had custody or garde of the S-120, giving rise to a duty to cure such defect before renting the equipment, and (2) whether or not HERC retained control over the equipment during the rental of the S-120 by Quality Welding. We find that a reasonable fact finder could decide either or both questions in favor of plaintiff, concluding that HERC retained control or garde over the maintenance of the S-120 or that HERC had a duty to cure the alleged defect at the time it arose (if proof that it existed prior to rental is accepted) and, accordingly, must deny summary judgment at this time.

Although we need not reach HERC's second argument, we do so out of an abundance of caution. HERC's motion asserts that plaintiff is unable to demonstrate that it knew or should have known of the defect in the S-120. The court disagrees. Craig Daigle, an HERC employee who repaired equipment, testified that the tearing of the rubber boot and the depositing of debris in the joystick mechanism, which causes joystick malfunction, is a common problem.[20] Also, given Mr. Nelson's opinion that the debris which caused the malfunction in this case was built up over a period of time predating Quality Welding's rental of the S-120, it is possible for a reasonable fact finder to conclude that the defect was present at the time HERC had control or garde of the S-120 and should have cured such defect during its regularly scheduled maintenance. Thus, summary judgment is also improper as to this argument by HERC.

## III. CONCLUSION

The court has reviewed the law and argument submitted by the parties and finds that summary judgment is inappropriate at this time due to the existence of several material fact questions which, if decided in favor of plaintiff, would enable plaintiff to prevail on his claims

---

[20] Deposition of Craig Daigle at 16:20 – 17:1, attached as Exhibit E to memorandum in opposition (R. 48-9).

7

against HERC in this case. Accordingly, HERC's motion for summary judgment should be DENIED.

**Alexandria, Louisiana**
**September 30, 2009**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT